UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TYLER Z. COBB, | : | |
|     Plaintiff, | : | CASE NO. 3:25-cv-01569 (AWT) |
| | : | |
|     v. | : | |
| | : | |
| C. FLOWERS, | : | |
|     Defendant. | : | |
| | : | |

**ORDER TRANSFERRING PETITION TO THE SOUTHERN DISTRICT OF INDIANA**

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) has been filed on behalf of Tyler Z. Cobb.

[P]etitions brought under 28 U.S.C. § 2241 "generally challeng[e] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminan v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001), see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States."). As such, the writ must be sought against the authority or person that has custody of the petitioner.

Gov't's Opp'n (ECF No. 12) at 2. The proper respondent to a habeas petition brought pursuant to 28 U.S.C. § 2241 is the

person who has custody over the petitioner.  See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

"Section 2255 provides relief where the sentence: (i) was imposed in violation of the Constitution or the laws of the United States; or (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack." Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997). See also 28 U.S.C. § 2255(a).  "[A] motion under Section 2255 must be brought in the district of conviction and sentencing". Velazquez v. Jamison, No. 23-CV-5828 (LTS), 2023 WL 5724447, at *3 (S.D.N.Y. Aug. 15, 2023).

"The Supreme Court recently explained that the saving clause[, (Section 2255(e) of Title 28), ]preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Walton v. Warden, No. 21-2062-PR, 2023 WL 5011933, at *1 (2d Cir. Aug. 7, 2023) (internal quotation marks and citation omitted).  This is because "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) (citations omitted).  It is only

2

available when a remedy under § 2255 is "inadequate or ineffectual". Id.

The challenge raised in this petition is a challenge to Cobb's conviction, not to his conditions of confinement at FCI Danbury, so the District of Connecticut does not have jurisdiction over the claims.  As summarized in the government's response, the claim in the petition is that "Tyler Cobb now argues that the FBI and the United States Attorney's Office in the Southern District of Indiana violated specific procedures under the FJDA—they did not obtain certification from the Attorney General, they violated transfer procedures, and they violated his custodial rights and notification procedures—and as such, the federal court did not have jurisdiction over his case." Gov't's Opp'n at 5.

The petitioner has not shown that § 2255 would not be an appropriate vehicle for bringing his claims. See Velazquez v. Jamison, No. 23-CV-5828 (LTS), 2023 WL 5724447, at *3 (S.D.N.Y. Aug. 15, 2023) ("because Petitioner fails to show that Section 2255 is unavailable and that he is actually innocent of the crime of which he has been convicted, he may not challenge his conviction under Section 2241").

Therefore, the proper vehicle for the relief the petitioner seeks is § 2255 and the petition must be brought in the Southern District of Indiana, where he was convicted and sentenced.  The

court concludes it is most appropriate that this case be transferred to the proper district rather than dismissed.

Accordingly, this case is hereby TRANSFERRED to the Southern District of Indiana pursuant to 28 U.S.C. § 1631.

Upon transfer, the Clerk shall close this case.

It is so ordered.

Dated this 6th day of November 2025 at Hartford, Connecticut.

                                                   /s/AWT
                                          Alvin W. Thompson
                                United States District Judge